UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 4:19-CR-207 |
| | : | |
| v. | : | (Chief Judge Brann) |
| | : | |
| DAMONICO HENDERSON | : | (electronically filed) |
| Defendant | : | |

### PLEA AGREEMENT

The following Plea Agreement is entered by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant.  Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Guilty plea.  The defendant agrees to plead guilty to Count 1 of

   the Indictment, which charges the defendant with a violation of

   Title 21, United States Code, § 846, Conspiracy to manufacture,

   distribute, and possess with intent to distribute controlled

   substances.  The maximum penalty for that offense is a lifetime

   term of imprisonment, a fine of $10,000,000, a maximum

   lifetime term of supervised release, which shall be served at the

conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense(s) charged in that count. After sentencing, the United States will move for dismissal of any remaining counts of the Indictment. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed charges, or seek additional charges, in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any court. The defendant further agrees to waive any defenses to reinstatement of any charges, or to the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as

2

of the date of the defendant's signing of this Agreement, until either (a) the defendant pleads guilty; or (b) a new date is set by the Court for commencement of trial.

2. <u>Term of Supervised Release</u>.  The defendant understands that the Court must impose at least a 5-year term of supervised release in addition to any term of imprisonment, fine or assessment involving this violation of the Controlled Substances Act.]  The defendant also understands that the Court may impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute. The Court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3. <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania

3

agrees that it will not bring any other criminal charges against

the defendant directly arising out of the defendant's

involvement in the offense(s) described above.  However,

nothing in this Agreement will limit prosecution for criminal tax

charges, if any, arising out of those offenses.

## B.  <u>Fines and Assessments</u>

4.  <u>Fine</u>.  The defendant understands that the Court may impose a

fine pursuant to the Sentencing Reform Act of 1984.  The willful

failure to pay any fine imposed by the Court, in full, may be

considered a breach of this Plea Agreement.  Further, the

defendant acknowledges that willful failure to pay the fine may

subject the defendant to additional criminal violations and civil

penalties pursuant to Title 18, United States Code, § 3611, et

seq.

5.  <u>Alternative Fine</u>.  The defendant understands that under the

alternative fine section of Title 18, United States Code, § 3571,

the maximum fine quoted above may be increased if the Court

finds that any person derived pecuniary gain or suffered

4

pecuniary loss from the offense and that the maximum fine to
be imposed, if the Court elects to proceed in this fashion, could
be twice the amount of the gross gain or twice the amount of the
gross loss resulting from the offense.

6. <u>Inmate Financial Responsibility Program</u>.  If the Court orders a
fine or restitution as part of the defendant's sentence, and the
sentence includes a term of imprisonment, the defendant agrees
to voluntarily enter the United States Bureau of Prisons-
administered program known as the Inmate Financial
Responsibility Program, through which the Bureau of Prisons
will collect up to 50% of the defendant's prison salary, and up to
50% of the balance of the defendant's inmate account, and apply
that amount on the defendant's behalf to the payment of the
outstanding fine and restitution orders.

7. <u>Special Assessment</u>.  The defendant understands that the Court
will impose a special assessment of $100, pursuant to the
provisions of Title 18, United States Code, § 3013.  No later
than the date of sentencing, the defendant or defendant's

5

counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

8. If the defendant is convicted of a human trafficking, sex trafficking, or child pornography/child sexual exploitation offense, and if the Court finds the defendant is not indigent, an additional special assessment of $5,000 will be imposed, pursuant to Title 18 U.S.C. § 3014(a).

9. Collection of Financial Obligations.  In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

   a. to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

6

b.  to submit to interviews by the Government regarding the
    defendant's financial status;

c.  to submit a complete, accurate, and truthful financial
    statement, on the form provided by the Government, to the
    United States Attorney's Office no later than 14 days
    following entry of the guilty plea;

d.  whether represented by counsel or not, to consent to contact
    by and communication with the Government, and to waive
    any prohibition against communication with a represented
    party by the Government regarding the defendant's
    financial status;

e.  to authorize the Government to obtain the defendant's
    credit reports in order to evaluate the defendant's ability to
    satisfy any financial obligations imposed by the Court; and

f.  to submit any financial information requested by the
    Probation Office as directed, and to the sharing of financial
    information between the Government and the Probation
    Office.

7

C. **Sentencing Guidelines Calculation**

10. <u>Determination of Sentencing Guidelines.</u>  The defendant and

counsel for both parties agree that the United States Sentencing

Commission Guidelines, which took effect on November 1, 1987,

and its amendments (the "Sentencing Guidelines"), will apply to

the offense or offenses to which the defendant is pleading guilty.

The defendant understands that the Sentencing Guidelines are

advisory and not binding on the Court.  The defendant further

agrees that any legal and factual issues relating to the

application of the Sentencing Guidelines to the defendant's

conduct, including facts to support any specific offense

characteristic or other enhancement or adjustment and the

appropriate sentence within the statutory maximums provided

for by law, will be determined by the Court after briefing, a pre-

sentence hearing, or a sentencing hearing.

11. <u>Acceptance of Responsibility– Two/Three Levels.</u>  If the

defendant can adequately demonstrate recognition and

affirmative acceptance of responsibility to the Government as

8

required by the Sentencing Guidelines, the Government will
recommend that the defendant receive a two- or three-level
reduction in the defendant's offense level for acceptance of
responsibility. The third level, if applicable, shall be within the
discretion of the Government under U.S.S.G. § 3E1.1. The
failure of the Court to find that the defendant is entitled to a
reduction shall not be a basis to void this Agreement.

**D. Sentencing Recommendation**

12. <u>Special Conditions of Probation/Supervised Release</u>. If
probation or a term of supervised release is ordered, the United
States may recommend that the Court impose one or more
special conditions, including but not limited to the following:

a. The defendant be prohibited from possessing a firearm or
other dangerous weapon.

b. The defendant make restitution, if applicable, the payment
of which shall be in accordance with a schedule to be
determined by the Court.

9

c.   The defendant pay any fine imposed in accordance with a schedule to be determined by the Court.

d.   The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

e.   The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f.   The defendant be confined in a community treatment center, halfway house, or similar facility.

g.   The defendant be placed under home confinement.

h.   The defendant be ordered to perform community service.

i.   The defendant be restricted from working in certain types of occupations or with certain individuals if the Government deems such restrictions to be appropriate.

10

j.  The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k.  The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l.  The defendant be denied certain federal benefits including contracts, grants, loans, fellowships, and licenses.

m.  The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

13. <u>Rule 11(c)(1)(C) Binding Agreement</u>.  Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Government and the defendant stipulate and agree to the following regarding the defendant's offense level, criminal history category, and sentence: **The parties agree that a sentence of 120 months of incarceration followed by 5 years of supervised release, no fine and a $100 special assessment is**

11

**appropriate in this matter.**  The parties agree that this sentence is a reasonable sentence under the facts and circumstances of this case.  If at sentencing the Court fails to accept the stipulations of the parties, or imposes a sentence different from that agreed to by the parties, then either the defendant or the United States has the right to withdraw from this Agreement and any guilty plea entered pursuant to this Agreement.

14. <u>Joint Plea Agreement</u>.  The defendant agrees and understands that an express condition of this Agreement is that co-defendant TERRY HARRIS plead guilty to Count 1 of the indictment.  The failure of co-defendant TERRY HARRIS to plead guilty will be grounds for the United States to rescind this Agreement and proceed to trial against the defendant on charges pending against the defendant.  In addition, the defendant agrees that the United States may, at its sole election, reinstate any dismissed counts in the event that the charges to which co-defendant TERRY HARRIS has pleaded guilty are subsequently vacated or set aside by the Court or any appellate court.  The

12

defendant further agrees to waive any defenses to the

reinstatement of those charges based upon laches, the assertion

of speedy trial rights, any applicable statute of limitations, or

any other grounds in the event that the co-defendant

successfully vacates or sets aside any conviction imposed upon

the information.

## E.   Forfeiture of Assets

15. Forfeiture.  The present Indictment/Information seeks forfeiture

of the defendant's interests in certain assets.  In the event the

United States seeks to forfeit those assets through a civil

proceeding, the defendant understands that dismissal of the

criminal forfeiture allegation in no way limits the United States

from proceeding civilly against any assets owned or held by the

defendant or any other party.  Defendant agrees to settle any

civil and criminal forfeiture matters arising out of the offense of

conviction and its relevant conduct.  The defendant agrees that

the defendant's property constitutes proceeds of, is derived from

proceeds traceable to, or was used in any manner or part to

13

commit or facilitate the commission of the offense of conviction
and its relevant conduct.  Defendant further agrees to the
following:

a.  Forfeiture of all properties, real and personal listed in the
    Forfeiture Allegation of the Indictment/Information;

b.  Immediate entry of the preliminary order of forfeiture or the
    filing of a civil complaint by the United States, pursuant to
    Title 18, United States Code, § 981;

c.  Waiver of the right to personal service of all process and
    naming of ~~Christopher Opiel, Esq.~~ Edward J. Rymsza as agent for service of all
    process;

d.  Waiver of the right to appear and contest any portion of the
    forfeiture proceedings, including but not limited to, any
    motion or proceeding for substitute assets;

e.  The filing and entry of a consent decree of forfeiture;

f.  Disclosure, no later than upon signing this Agreement, of all
    persons and entities holding an equitable or legal interest in

14

the property, real or personal, subject to forfeiture pursuant to this Agreement;

g.   Concurrence in any motion necessary to be filed and signing any documents necessary to effectuate forfeiture;

h.   ~~Payment of costs associated with the seizure, storage, and maintenance of any asset being returned to the defendant as a result of this Agreement;~~

i.   In the event any assets are being returned to the defendant, such return does not amount to having "substantially prevailed" in the pursuit of any claim, and to make no claim against the United States or any of its agencies or employees, including claims for attorney's fees and costs of litigation;

j.   Waiver of any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions, pending or completed, arising out of the course of conduct forming the basis for the forfeitures; and

15

k.  Waiver of all constitutional, legal, and equitable claims arising out of and defenses to the forfeiture of this property in any proceeding, including any claim of innocent ownership and any claim or defense under the Eighth Amendment, including any claim of excessive fine.

16. <u>Disclosure of Assets</u>.  This Agreement is entered by the United States on the basis of the express representation that the defendant is making full and complete disclosure of all assets over which the defendant exercises control.  The defendant agrees to submit to a polygraph examination by an examiner selected by the Government to verify the defendant's complete and candid compliance with this provision of the Agreement.  The defendant also understands that a failure to make a full disclosure or lack of candor revealed by a polygraph examination would constitute a breach of this Agreement, subjecting the defendant to the sanctions set forth in this Agreement.  Conditioned upon such full disclosure, the United

16

States agrees not to seek the seizure/forfeiture of any of the
defendant's assets other than those set forth in this Agreement.

17. <u>No Further Forfeiture</u>.  As the result of the forfeitures set forth
above, the United States agrees not to seek forfeiture of any
other asset known to the United States by defendant's
disclosure to belong to the defendant or the defendant's family.
This Agreement does not prevent the IRS from the collection of
taxes or the seizure of assets to satisfy those taxes.

18. <u>Forfeiture of Interests/Passage of Clear Title/Destruction Order</u>.
By this Agreement, the defendant agrees to forfeit all interests
in the assets set forth above and to take whatever steps are
necessary to pass clear title of those assets to the United States.
These steps include but are not limited to surrender of title;
signing of a consent decree; stipulating to facts regarding the
transfer and basis for the forfeitures; and concurrence in any
motion and signing any document necessary to effectuate such
transfers.

17

19. <u>Destruction Order/Waivers.</u>  The defendant further agrees,

should the United States deem it appropriate, to the destruction

of the items seized during the course of the investigation.  The

defendant agrees that the items may be destroyed by the

investigative agency with or without a court order authorizing

the destruction of the items seized.  If the United States

determines that a destruction order should be obtained, the

defendant and defendant's counsel hereby concur in a motion for

such an order.  The defendant further agrees to waive all

interest in the assets in any administrative or judicial forfeiture

proceeding, whether criminal or civil, state, or federal.  The

defendant consents and waives all rights to compliance by the

United States with any applicable deadlines under 18 U.S.C. §

983(a).  Any related administrative claim filed by the defendant

is hereby withdrawn.  The defendant agrees to consent to the

entry of orders of forfeiture for such property and waives the

requirements of Federal Rules of Criminal Procedure 32.2 and

43(a) regarding notice of the forfeiture in the charging

18

instrument, announcement of the forfeiture at sentencing, and
incorporation of forfeiture in the judgment.

## F.  Information Provided to Court and Probation Office

20. Background Information for Probation Office.  The defendant
understands that the United States will provide to the United
States Probation Office all information in its possession that the
United States deems relevant regarding the defendant's
background, character, cooperation, if any, and involvement in
this or other offenses.

21. Objections to Pre-Sentence Report.  The defendant understands
that pursuant to the United States District Court for the Middle
District of Pennsylvania's "Policy for Guideline Sentencing,"
both the United States and defendant must communicate to the
Probation Officer within 14 days after disclosure of the pre-
sentence report any objections they may have as to material
information, sentencing classifications, applicable Sentencing
Guidelines ranges, and policy statements contained in or
omitted from the report.  The defendant agrees to meet with the

19

United States at least five days prior to sentencing in a good
faith attempt to resolve any substantive differences.  If any
issues remain unresolved, they shall be communicated to the
Probation Officer for inclusion in an addendum to the pre-
sentence report.  The defendant agrees that unresolved
substantive objections will be decided by the Court after
briefing, a pre-sentence hearing, or at the sentencing hearing,
where the standard or proof will be a preponderance of the
evidence, and the Federal Rules of Evidence, other than with
respect to privileges, shall not apply under Fed. R. Evid.
1101(d)(3), and the Court may consider any reliable evidence,
including hearsay.  Objections by the defendant to the pre-
sentence report or the Court's rulings, will not be grounds for
withdrawal of a plea of guilty.

22. <u>Relevant Sentencing Information</u>.  At sentencing, the United
States will be permitted to bring to the Court's attention, and
the Court will be permitted to consider, all relevant information
about the defendant's background, character and conduct,

including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

23. <u>Non-Limitation on Government's Response</u>. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant. Nor does this Agreement in any way restrict the Government in responding to any request by the Court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## G. **Breach of Plea Agreement by Defendant**

24. <u>Breach of Agreement</u>. In the event the United States believes the defendant has failed to fulfill any obligation under this

21

Agreement, then the United States shall, in its discretion, have

the option of petitioning the Court to be relieved of its

obligations under this Agreement. Whether the defendant has

completely fulfilled all of the obligations under this Agreement

shall be determined by the Court in an appropriate proceeding,

during which any disclosures and documents provided by the

defendant shall be admissible, and during which the United

States shall be required to establish any breach by a

preponderance of the evidence. In order to establish any breach

by the defendant, the United States is entitled to rely on

statements and evidence given by the defendant during the

cooperation phase of this Agreement, if any.

25. Remedies for Breach. The defendant and the United States

agree that in the event the Court concludes that the defendant

has breached the Agreement:

a. The defendant will not be permitted to withdraw any guilty

plea tendered under this Agreement and agrees not to

petition for withdrawal of any guilty plea;

22

b.  The United States will be free to make any
recommendations to the Court regarding sentencing in this
case;

c.  Any evidence or statements made by the defendant during
the cooperation phase of this Agreement, if any, will be
admissible at any trials or sentencings;

d.  The United States will be free to bring any other charges it
has against the defendant, including any charges originally
brought against the defendant or which may have been
under investigation at the time of the plea.  The defendant
waives and hereby agrees not to raise any defense to the
reinstatement of these charges based upon collateral
estoppel, Double Jeopardy, statute of limitations, assertion
of Speedy Trial rights, or other similar grounds.

26. <u>Violation of Law While Plea or Sentence Pending</u>.  The
defendant understands that it is a condition of this Agreement
that the defendant refrain from any further violations of state,
local, or federal law while awaiting plea and sentencing.  The

23

defendant acknowledges and agrees that if the Government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the Government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

## H. **Deportation**

27. <u>Deportation/Removal from the United States</u>. The defendant

understands that, if defendant is not a United States citizen,

deportation/removal from the United States is a consequence of

this plea. The defendant further agrees that this matter has

been discussed with counsel who has explained the immigration

consequences of this plea. The defendant still desires to enter

into this plea after having been so advised.

## I.   **Appeal Waiver**

28. <u>Appeal Waiver – Direct</u>. The defendant is aware that Title 28,

United States Code, § 1291 affords a defendant the right to

appeal a judgment of conviction and sentence; and that Title 18,

United States Code, § 3742(a) affords a defendant the right to

appeal the sentence imposed. Acknowledging all of this, the

defendant knowingly waives the right to appeal the conviction

and sentence. This waiver includes any and all possible

grounds for appeal, whether constitutional or non-

constitutional, including, but not limited to, the manner in

which that sentence was determined in light of *United States v.*

25

*Booker*, 543 U.S. 220 (2005). The defendant further acknowledges that this appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

29. <u>Collateral Appeal Waiver.</u> The defendant acknowledges, understands and agrees that, by pleading guilty pursuant to this Agreement, the defendant voluntarily and knowingly waives the right to collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, including but not limited to a motion to vacate judgment under Title 28, United States Code, Section 2255; a petition for a writ of habeas corpus under Title 28, United States Code, Section 2241; or any other motion or writ seeking collateral relief. However, no provision of this agreement shall preclude the defendant from pursuing in an appropriate forum any appeal, collateral attack, writ, or motion claiming that the defendant received constitutionally ineffective assistance of counsel. In the event the defendant raises a claim of ineffective

26

assistance of counsel, the defendant hereby agrees (a) that the
Government retains its right to oppose any such claim on
procedural or substantive grounds; and (b) that counsel for the
United States may confer with any of the defendant's prior
counsel whose performance is attacked in such a claim, for
purposes of preparing any response or for any hearing
necessitated by the filing of such a claim.

30. <u>Appeal Waiver Breach.</u>  The defendant acknowledges that
pursuing a direct appeal or any collateral attack waived in the
preceding paragraph(s) may constitute a breach of this
Agreement. The Government agrees that the mere filing of a
notice of appeal is not a breach of the Agreement. The
Government may declare a breach only after the defendant or
the defendant's counsel thereafter states, either orally or in
writing, a determination to proceed with an appeal or collateral
attack raising an issue the Government deems barred by the
waiver.  The parties acknowledge that the pursuit of an appeal
or any collateral attack constitutes a breach only if a court

27

determines that the appeal or collateral attack does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph(s) or constitutes a "miscarriage of justice" as that term is defined in applicable law.

## J.   Other Provisions

31. Agreement Not Binding on Other Agencies.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office, or federal, state, or local law enforcement agency.

32. No Civil Claims or Suits.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in

28

this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

33. <u>Plea Agreement Serves Ends of Justice</u>. The United States is entering this Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the offense(s) from which the charge(s) is/are drawn, as well as the defendant's role in such offense(s), thereby serving the ends of justice.

34. <u>Merger of All Prior Negotiations</u>. This document states the complete and only Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers whether written or oral. This agreement cannot be modified other than in writing that is signed by all parties or on the record in court. No other promises or inducements have been or will be made to the defendant in connection with this

29

case, nor have any predictions or threats been made in
connection with this plea. Pursuant to Rule 11 of the Federal
Rules of Criminal Procedure, the defendant certifies that the
defendant's plea is knowing and voluntary and is not the result
of force or threats or promises apart from those promises set
forth in this Agreement.

35. <u>Defendant is Satisfied with Assistance of Counsel</u>. The
Defendant agrees that the defendant has discussed this case
and this Agreement in detail with the defendant's attorney, who
has advised the defendant of the defendant's Constitutional and
other trial and appellate rights, the nature of the charges, the
elements of the offenses the United States would have to prove
at trial, the evidence the United States would present at such
trial, possible defenses, the advisory Sentencing Guidelines and
other aspects of sentencing, potential losses of civil rights and
privileges, and other potential consequences of pleading guilty
in this case. The defendant agrees that the defendant is

30

satisfied with the legal services and advice provided to the
defendant by the defendant's attorney.

36. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this
Agreement must be signed by the defendant and defense
counsel and received by the United States Attorney's Office on
or before 5:00 p.m., March 29, 2024, otherwise the offer may, in
the sole discretion of the Government, be deemed withdrawn.

37. <u>Required Signatures</u>. None of the terms of this Agreement shall
be binding on the Office of the United States Attorney for the
Middle District of Pennsylvania until signed by the defendant
and defense counsel and then signed by the United States
Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it
with my attorney. I fully understand it and I voluntarily agree to it.

3|29|24
Date

DAMONICO HENDERSON
Defendant

31

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
Date

EDWARD J. RYMSZA, ESQ.
Counsel for Defendant

GERARD M. KARAM
United States Attorney

4/12/24
_____
Date

By: _____

Geoffrey W. MacArthur
Assistant United States Attorney

AUSA/GWM/2018R00061
VERSION DATE: March 8, 2021

32