## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : **NO. 4:19-CR-00207-1** |
| **VS.** | : |
| | : **Chief Judge Brann** |
| **ANTHONY D. BRESSI** | : **Electronically Filed** |

### DEFENDANT'S PRESENTENCE MEMORANDUM

### I. INTRODUCTION

Defendant Anthony D, Bressi, through undersigned counsel, respectfully submits this Sentencing Memorandum to assist the Court in fashioning a sentence consistent with the factors set forth in 18 U.S.C. § 3553(a). Although the offense of conviction—conspiracy to manufacture, distribute, and possess with intent to distribute various fentanyl analogues—is undeniably serious, a sentence within the advisory guideline range of 360 months to life would be unduly harsh and inconsistent with his co-defendants.

Despite proceeding to trial and being convicted by a jury, the defendant's post arrest interviews with the FBI and the Pennsylvania State Police led to the arrests and eventual convictions of his co-defendants, both of whom received mandatory minimum sentences of ten years in this case. This disparity, along with relevant mitigating factors, supports a substantial downward variance.

## II. PROCEDURAL HISTORY

On November 4, 2024, Defendant was convicted after trial of Conspiracy and Possession with Intent to Distribute:

- 400 grams and more of a mixture and substance containing fentanyl,

- 100 grams and more of a mixture and substance containing 3-methylfentanyl,

- 100 grams and more of a mixture and substance containing carfentanil, and

- a mixture or substance containing acetyl fentanyl,

in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(vi). However, the posttrial motions were filed and the Court acquitted Mr. Bressi of manufacturing 100g or more of acetyl fentanyl, finding that the government had not proved the quantity of the substance to be 100g or more. The acquittal regarding the weight of the acetyl fentanyl does not affect the final calculation of sentencing guidelines for this offense.

The Final Presentence Investigation Report (PSR) calculates an advisory guideline range of 360 months to life, based on a total offense level of 42 and criminal history category II.

## III. OBJECTION TO OBSTRUCTION OF JUSTICE ADJUSTMENT

The PSR includes a two-level enhancement for obstruction of justice under U.S.S.G. §3C1.1, based on the defendant's filing of pretrial motions that the Government characterizes as frivolous or misleading. The defense respectfully objects to the application of this enhancement. Mr. Bressi was not charged with obstruction of justice in the Indictment.

Application note 4 to USSG §3C1.1 provides examples of conduct which constitutes obstruction of justice. The note does not reference pretrial litigation, and application of such an adjustment for that reason would create a chilling effect on the right of defendants to pursue pretrial relief for constitutional and statutory violations. Additionally, the fact that Mr. Bressi exercised his right to testify should not constitute obstruction of justice- a jury verdict of guilty does not establish that his testimony was both material and false. Rather, Mr. Bressi was exercising his right to testify and proclaim innocence.

The exercise of legal rights, including the filing of pretrial motions, even if ultimately unsuccessful, does not constitute obstruction of justice unless there is clear and convincing evidence that the defendant willfully provided materially

false information with the specific intent to obstruct or impede the administration of justice.  An enhancement is not appropriate for mere denial of guilt or assertion of innocence. *United States v. Fiorelli*, 133 F.3d 218 (3d Cir. 1998) *US v. Blackwell*, 954 F.Sup 944, District Court of NJ, (1997)(nonprecedential) The standard for obstruction related to a defendant's testimony was articulated in *United States v. Dunnigan*, 507 US 87 (1993) the defendant must be found to have acted with willful intent to provide false testimony, to mislead and obstruct justice. (Id. at 95)

In this case, the motions filed were pursuant to the defendant's constitutional right to test the sufficiency of the Government's evidence and to challenge the legality of investigative conduct. There is no finding that the defendant tampered with witnesses, or destroyed evidence. Accordingly, the two-level increase for obstruction of justice should not apply and the guidelines should be recalculated.

## IV. GUIDELINE CALCULATION

The only controlled substance which was found to have been recovered from Shiva was acetyl fentanyl. However, the jury found that the defendant was guilty of manufacturing 400 grams and more of fentanyl and 200 grams of fentanyl analogues. The probation department relied on defendant's statements to the FBI and police to increase the guidelines based on alleged manufacture of greater than

4

nine kilograms of converted drug weight. Evidence of Mr. Bressi's ability to manufacture that quantity or that the ingredients were possessed to enable him to produce such a quantity of drugs was not presented by the government. Mr. Bressi challenges guideline calculation in the PSR because it is based on purely speculative statements by Mr. Bressi during interviews in which he appeared to be exaggerating.

Confession based estimates of drug weights must be specific, credible and corroborated. The District Court may rely on an estimate in this context so long as it has "sufficient indicia of reliability," which can be based on "the provision of facts and details," "corroboration by or consistency with other evidence, or the opportunity for cross-examination." *United States v. Freeman*, 763 F.3d 322, 337, 61 V.I. 679 (3d Cir. 2014) Mr. Bressi provided rough estimates of his purported manufacture, and gave a general approximation, not a concrete amount. These estimates are susceptible to memory errors, exaggeration or misunderstanding. This ambiguity precludes a finding by a preponderance of the evidence that it reliably reflects actual drug quantities.

If the court cannot reliably approximate the full quantity alleged by the government, it must resolve the dispute in favor of the defendant under U.S.S.G. §6A1.3(b) and Fed. R. Crim. P. 32(i)(3)(B).

Mr. Bressi further denies that the Shiva lab was maintained for the purpose of manufacturing illicit drugs. As noted in the trial testimony and corroborated by the documentary evidence he was doing research and development of legitimate products. The adjustment under USSG §2d1.1(b)(12) should not be applied.

Should the court sustain these objections to the guideline ranges, the total offense would be 32 with the guideline range of 135 to 168 months

## V. APPLICATION OF 18 U.S.C. § 3553(a) FACTORS

## A. Nature and Circumstances of the Offense

As mentioned above, Mr. Bressi denies the factual assertions made in the presentence report regarding the nature of his work at Shiva and the quantity of controlled substances involved in this matter. The only substance recovered was unquantified amount of acetyl fentanyl. He maintained that he was conducting legitimate research in his lab and then he was doing important work in the area of developing products which would cure communicable diseases and cancer, among other health problems. Moreover, he testified and produced evidence that he was developing products that would revolutionize the energy industry through development of his ZPU project which he was in the process of testing at the time of the raid at Shiva.

## B. History and Characteristics of the Defendant

The defendant is 53 years old.  He is extremely intelligent, although he did not complete a formal college education. He suffers from Type I diabetes, a chronic medical condition that requires constant monitoring and insulin management. He has a Criminal History Category II, reflecting limited prior involvement with the justice system. His age and medical condition increase his vulnerability in a custodial setting.

Importantly, the defendant has been incarcerated since 2019 pending the instant charges—a period of over five years in pretrial detention. During this time, he has demonstrated exemplary institutional behavior. His conduct reflects a capacity for rehabilitation and respect for institutional authority, which should weigh in favor of a downward variance. See *Pepper v. United States*, 562 U.S. 476, 491 (2011) (post-offense rehabilitation is a critical sentencing consideration).

## C. Cooperation with Law Enforcement

Despite contesting the charges at trial, the defendant provided substantial information to law enforcement during the investigation. His cooperation led directly to the arrests of two co-defendants who were prosecuted and sentenced to

7

120 months each. While no formal U.S.S.G. §5K1.1 motion was filed, courts may nonetheless consider cooperation as a basis for a downward variance under §3553(a). See *United States v. Fernandez*, 443 F.3d 19, 33 (2d Cir. 2006) (non-5k1.1 cooperation can be considered under 3553(a)(1) as to the Defendant's nature and characteristics.

## D. Avoiding Unwarranted Sentencing Disparities with Co-Defendants

Two co-defendants in this case, arrested as a direct result of the defendant's cooperation, received sentences of 120 months each. These individuals were equally or more culpable in the conspiracy and did not assist law enforcement. Imposing a sentence of 360 months to life on this defendant, whose cooperation materially aided the Government, would produce a gross and unjustified sentencing disparity. See 18 U.S.C. § 3553(a)(6); *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006).

## VI. CONCLUSION

Although Mr. Bressi proceeded to trial, he nonetheless provided material cooperation that aided the Government in securing convictions against other members of the conspiracy. A sentence within the advisory range of 360 months to life would result in an extreme and unjust disparity when compared with his co-

defendants. A significant downward variance would allow for a sentence which is sufficient but not greater than necessary to serve the goals of sentencing.

The guidelines are advisory, and the relevant statute provides three options for sentencing: "such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life, … a fine not to exceed the greater of that authorized in accordance with the provisions of title 18, United States Code, or $10,000,000 if the defendant is an individual … or both. If any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years and not more than life imprisonment and … a fine not to exceed the greater of twice that authorized in accordance with the provisions of title 18, United States Code, or $20,000,000 if the defendant is an individual… 21 U.S.C.S. § 841(A)(iv).

Mr. Bressi asserts that the statute lists these sentencing options of a imprisonment in the disjunctive, each separated by a comma, such that the Court is free to impose imprisonment, a fine, or imprisonment and a fine. Respectfully, given the time Mr. Bressi has already served and his health concerns, the Defendant requests that the court impose a fine for these convictions. While this is not the sentence contemplated by sentencing guidelines, the Court is empowered

post Booker to consider all of the 3553(a) factors and to vary from the

recommended guideline sentence.

Respectfully submitted,

s/Helen A. Stolinas
Helen A. Stolinas
Pa ID # 66738
2790 W. College Ave., Suite 800
State College, PA 16801
Phone: (814) 237-6255
Fax: (814) 237-5752
Email:  stolinas@mazzalaw.com

# CERTIFICATE OF SERVICE

I, Helen A. Stolinas, Esquire, do hereby certify that this document, the foregoing **Presentence Memorandum,** filed electronically through the ECF system will be sent to the registered Participants as identified on the Notice of Electronic Filing, including the following:

Geoffrey MacArthur

and by serving the following via first-class mail:

Anthony Bressi

April 8, 2025                                    s/Helen A. Stolinas
                                                Helen A. Stolinas
                                                Pa ID # 66738
                                                The Mazza Law Group, P.C.
                                                2790 W. College Ave., Suite 800
                                                State College, PA 16801
                                                Phone: (814) 237-6255
                                                Fax: (814) 237-5752
                                                Email:  stolinas@mazzalaw.com

                                                *Attorney for Defendant*

,